STATE of Iowa, Appellee,

v.

Jeff Clark McCOWEN, Appellant.

No. 64393.

Supreme Court of Iowa.

Oct. 15, 1980.

Larry J. Eisenhauer, Ankeny, for appellant.

Thomas J. Miller, Atty. Gen., Jeanine Freeman, Asst. Atty. Gen., and Dan Johnston, Polk County Atty., for appellee.

Considered by UHLENHOPP, P. J., and HARRIS, McCORMICK, LARSON and SCHULTZ, JJ.

McCORMICK, Justice.

Defendant Jeff Clark McCowen appeals his conviction by jury and sentence for burglary in the second degree in violation of section 713.3, The Code. He contends the trial court erred in overruling his pretrial motion to suppress an alleged confession and in overruling his motion for directed

verdict challenging the sufficiency of corroboration of the confession. We affirm.

The charge was based on events which occurred in the early morning of July 24, 1979.. At 1:52 a. m. on that date an alarm sounded at the Clive Discount Pharmacy. A passerby notified a Windsor Heights Policeman. Officers from Windsor Heights, Urbandale and Clive went to the pharmacy. They discovered that one or more persons had broken a window in a doctor's office adjacent to the pharmacy, had removed ceiling tile over a shared wall to enter the pharmacy, and had apparently left the site when the alarm sounded. The alarm was connected to the narcotics locker and was apparently triggered when someone attempted to open it. At the scene, the officers found a Glad trash bag containing drugs which had been removed from the shelves. A box with seven other trash bags in it was also found there.

One of the investigating officers believed the method of operation was similar to that used by Kirk Dillon in an earlier burglary of an Urbandale drug store. When the proprietor of the pharmacy said the trash bags had not come from his store, one of the officers sought to determine whether they might have been purchased at a Quik Shop about four blocks away.

A Quik Shop clerk confirmed that two men had bought a box of trash bags similar to those found in the pharmacy at approximately 1:30 a. m. that morning. When shown several photographs, she identified Kirk Dillon as one of the men who made the purchase. She said she knew defendant and had seen him with the two men outside the store. She testified the three men pooled their money before the two came in to buy the bags. She also said the three men left the premises together.

Defendant was questioned at the Clive police station the next morning. He made inculpatory oral and written statements in which he acknowledged being with Dillon and another person on the occasion involved. He verified the clerk's story concerning the purchase of the trash bags. He said he had been promised cash rather than a share of the drugs for his help in the burglary. He asserted he acted as a lookout for the two others while they entered the pharmacy and said they all fled when the alarm sounded. After writing out his statement, defendant was arrested and charged with the offense.

I. *The motion to suppress.* On September 7, 1979, defendant was arraigned. On October 11, 1979, thirty-four days later, he filed a motion to suppress his statements. After a hearing, the trial court overruled his motion on the merits. He contends the ruling was error. In defending the ruling, the State alleges, among other grounds, that the motion was untimely and therefore waived.

■ Even though the State did not resist the motion in the trial court as untimely, we will uphold a ruling of the court on the admissibility of evidence on any ground appearing in the record, whether urged below or not. *See State v. Pepples,* 250 N.W.2d 390, 393 (Iowa 1977); *State v. Rush,* 242 N.W.2d 313, 320 (Iowa 1976); *State v. Kidd,* 239 N.W.2d 860, 864 (Iowa 1976). We need not adopt the trial court's premise in order to sustain its conclusion. *State ex rel. Turner v. United–Buckingham Freight Lines, Inc.,* 211 N.W.2d 288, 290 (Iowa 1973).

The State contends defendant's motion was subject to the time constraints of Iowa R.Crim.P. 10, whereas defendant alleges the time provisions of rule 11 govern instead. Pursuant to subparagraph 2(c), rule 10 applies to motions to suppress evidence, including those based on any ground listed in rule 11. At the time involved here, rule 10(4) provided: "Motions hereunder, except a motion for a bill of particulars, shall be filed either within thirty days after arraignment or prior to the impaneling of the trial jury, whichever event occurs earlier, unless the period for filing is extended by the court for good cause shown." *See* Iowa R.Crim.P. 10(4) (1979). This case is not affected by the July 1, 1980, amendment to that provision.

Rule 11 applies only to motions to suppress evidence obtained by search and sei-

zure. At the time material here, it provided: "The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was unaware of the factual grounds of the motion; but the court in its discretion may entertain the motion at the trial or hearing, upon good cause supported by affidavit." *See* Iowa R.Crim.P. 11(1) (1979). In *State v. Hansen*, 286 N.W.2d 163, 165 (Iowa 1979), this court resolved the apparent conflict between the time constraints in rules 10 and 11 affecting motions to suppress evidence obtained through search and seizure. The court held that the provision in rule 11 applied to motions to suppress made under that rule.

 In doing so, however, the court made this statement: "We therefore hold that motions to suppress need comply only with the time constraints imposed by Iowa R.Crim.P. 11, rather than those generally applicable to pretrial motions under rule 10(4)." *Id.* at 165. Defendant contends this means motions to suppress inculpatory statements are subject to rule 11 even though by its terms the rule refers only to motions to suppress based on unlawful search and seizure. While a reading of the *Hansen* statement out of context supports this contention, it has no basis in fact either in the holding of the case or the language of the rule. The holding, like the rule, relates only to motions to suppress based on unlawful search and seizure and does not affect motions to suppress evidence on other grounds.

By amendment effective July 1, 1980, even rule 11 motions are now subject to the time constraints of rule 10(4). *See* Iowa R.Crim.P. 11(1) (1980).

 Because defendant's motion to suppress his inculpatory statements was governed by rule 10(4) and was not filed within thirty days of his arraignment as the rule then required, it was untimely. The late filing was unexcused, and the motion was therefore waived. *State v. Graham*, 291 N.W.2d 345, 347 (Iowa 1980); *State v. Sheets*, 291 N.W.2d 35, 37 (Iowa 1980); *State v. Hobson*, 284 N.W.2d 239, 241 (Iowa 1979).

We do not intimate any view on the merits of the motion.

 II. *Sufficiency of corroboration.* Defendant also attacks the sufficiency of evidence of corroboration of his inculpatory statements. He contends he was entitled to a directed verdict of acquittal under Iowa R.Crim.P. 20(4) which provides that a defendant's confession will not warrant a conviction "unless accompanied with other proof that the defendant committed the offense." Applicable principles are discussed in *State v. Hobson*, 284 N.W.2d at 243.

In this case, testimony placed defendant in the company of Dillon and another person during the purchase of the trash bags twenty minutes before the burglary. The burglary occurred approximately four blocks away. The modus operandi tended to show Dillon's involvement. The trash bags were found inside the pharmacy. Because the jury could find defendant helped prepare for the offense, it could find, apart from his confession, that he aided and abetted its commission.

We hold that the requirement of rule 20(4) was satisfied.

No reversible error has been shown.

AFFIRMED.