**STATE of Iowa, Appellee,**

v.

**Robert WADE, Appellant.**

**No. 89–1765.**

Supreme Court of Iowa.

March 20, 1991.

Linda Del Gallo, Appellate Defender, and Brian K. Sissel, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Thomas S. Tauber, Asst. Atty. Gen., and D. Raymond Walton, Asst. County Atty., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER and LAVORATO, JJ.

LARSON, Justice.

During the trial of Robert Wade on cocaine possession charges, the State introduced evidence of a prior drug offense and resulting prison sentence. Wade contends that this was error, and that the court also erred in sentencing him as a second offender. We affirm.

Police officers stopped Wade's car because they suspected Wade was driving without a license. In searching the car, police found cash and several bags of cocaine. Wade was charged with possession of cocaine with intent to deliver under Iowa Code section 204.401(1)(a) (1989). Prior to

trial, Wade was convicted of a similar charge resulting from an earlier arrest. The State was allowed to amend its trial information to include a charge that, based on the earlier conviction, Wade was a second offender. *See* Iowa Code § 204.411. At Wade's request, his trial was bifurcated; the issue of guilt was tried to a jury, and Wade's second-offender status was determined by the court without a jury.

## I. *Evidence of Prior Crimes.*

At the trial, police officers were allowed to testify about Wade's earlier arrest for possession with intent to deliver. Wade contends that the admission of this evidence violated Iowa Rule of Evidence 404(b), which provides:

> *Other crimes, wrongs, or acts.* Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The State responds that the evidence of an earlier conviction was admissible under this rule to show Wade's intent, knowledge, or absence of mistake or accident.

We apply a two-part test in applying rule 404(b):

> The court must first decide whether the evidence is relevant. If the court finds that it is, the court must then decide whether the evidence's probative value is substantially outweighed by the danger of unfair prejudice. A positive finding as to the second step overcomes the evidence's prima facie admissibility.

*State v. Knox,* 464 N.W.2d 445, 449 (Iowa 1990) (quoting *State v. Plaster,* 424 N.W.2d 226, 229 (Iowa 1988)).

Application of rule 404(b) is largely a matter for the discretion of the trial court, and we will reverse it only when we find a clear abuse of it. The burden is on the challenger to show an abuse of discretion. *See Plaster,* 424 N.W.2d at 232.

We have upheld introduction of prior acts to show elements, such as intent or

knowledge, in drug prosecutions. *See, e.g., State v. Grosvenor,* 402 N.W.2d 402, 405–06 (Iowa 1987) (prior acts of delivery of drugs admissible to show intent); *State v. Kern,* 392 N.W.2d 134, 136 (Iowa 1986) (prior delivery of controlled substance admitted to show intent); *State v. Mendiola,* 360 N.W.2d 780, 782 (Iowa 1985) (prior conviction of possession with intent to deliver admissible to show knowledge in prosecution for same offense).

Federal cases applying Federal Rule of Evidence 404(b), the equivalent of Iowa's rule, have reached similar results. *See, e.g., United States v. Stephenson,* 887 F.2d 57, 60 (5th Cir.1989); *United States v. Acosta–Cazares,* 878 F.2d 945, 949–50 (6th Cir.1989); *United States v. Kaufman,* 858 F.2d 994, 1005 (5th Cir.1988).

■ The limited purpose in allowing evidence of prior acts should, of course, be conveyed to the jury in a cautionary instruction. *Plaster,* 424 N.W.2d at 232. Instruction No. 13 in this case, which tracked the language of rule 404(b), informed the jury that it could consider the evidence only with respect to "motive, knowledge, intent, absence of mistake or accident, common scheme, ownership or plan" and that Wade was not on trial for the earlier offense.

■ We conclude that evidence of the prior act here was properly admitted. But there is another consideration. Under rule 403, evidence which is relevant may nevertheless be excluded if its probative value is outweighed by its potential prejudice. That question involves a balancing process and the exercise of discretion on the part of the trial court. *Knox,* 464 N.W.2d at 450.

The judge must consider

> on the one side, the actual need for the other-crimes evidence in the light of the issues and the other evidence available to the prosecution, the convincingness of the evidence that the other crimes were committed and that the accused was the actor, and the strength or weakness of the other-crimes evidence in supporting the issue, and on the other hand, the degree to which the jury will probably be

roused by the evidence to overmastering hostility.

*McCormick on Evidence* § 190, at 453 (E. Cleary 2d ed. 1972).

In applying this balancing test, we have given broad deference to the trial court's discretion, and particularly when a cautionary instruction is given, it is only in extreme cases that the instruction is insufficient to nullify the danger of unfair prejudice. *See Plaster,* 424 N.W.2d at 232. We conclude that the trial court did not abuse its discretion in applying the balancing test here.

## II. *Testimony of the Judge.*

 As a part of the State's case, it called Judge Peter Van Metre, who had presided over Wade's earlier trial. Judge Van Metre testified that he sentenced Wade to ten years imprisonment, and Wade moved for mistrial. He claimed that the judge's testimony was highly prejudicial. The court admonished the jury to disregard the judge's testimony and overruled Wade's motion for a mistrial.

The trial court, of course, has broad discretion when ruling on a motion for mistrial. *State v. Brown,* 397 N.W.2d 689, 699 (Iowa 1986). We have stated that

[g]enerally, trial court's quick action in striking the improper response and cautioning the jury to disregard it, coupled, when necessary, with some type of general cautionary instruction, will prevent any prejudice. A defendant who asserts these actions were insufficient bears the heavy burden of demonstrating a clear abuse of discretion on the part of trial court.

*Id.*

As a practical matter, we see little chance for prejudice. It should come as no great surprise to a jury that a person convicted of possession of cocaine with intent to deliver would be sentenced to prison. We conclude that the court did not abuse its discretion by refusing to grant the mistrial.

## III. *The Enhanced Penalty Issue.*

 Wade contends that the court erred by treating him as a second offender under Iowa Code section 204.411 because he had not yet been convicted of this earlier offense at the time he was arrested for the present offense.

We believe the wording of section 204.-411 adequately answers this complaint. That section provides:

1. Any person convicted of a second or subsequent offense under this chapter, may be punished by imprisonment for a period not to exceed three times the term otherwise authorized, or fined not more than three times the amount otherwise authorized, or punished by both such imprisonment and fine.

2. For purposes of this section, an offense is considered a second or subsequent offense, if, *prior to the person's having been convicted of the offense, the offender has ever been convicted* under this chapter or under any state or federal statute relating to narcotic drugs or cocaine, marijuana, depressant, stimulant, or hallucinogenic drugs.

(Emphasis added.)

This statute is quite clear: A defendant is a second offender if his conviction for the second offense follows his conviction for the first. The statute does not require the first conviction to precede the commission of the second offense. Wade relies on the general rule of recidivism statutes which is that the second *offense* must come after the earlier conviction. However, the general rule must yield to specific language in the statute defining its terms. When a statute is plain and its meaning clear, we do not search for some other meaning beyond the express terms of the statute. *Saadiq v. State,* 387 N.W.2d 315, 319 (Iowa), *appeal dismissed,* 479 U.S. 878, 107 S.Ct. 265, 93 L.Ed.2d 242 (1986).

## IV. *The Constitutional Issue.*

 Wade now challenges the constitutionality of section 204.411, but he failed to raise this issue at trial, and we cannot consider it for the first time on appeal. *Patchette v. State,* 374 N.W.2d 397, 401

(Iowa 1985); *State v. Atwood*, 342 N.W.2d 474, 475 (Iowa 1984).

### V. *The Ineffective Assistance Issue.*

Wade contends that his sixth amendment right to counsel was violated when his trial counsel failed to challenge the applicability of Iowa Code section 204.411 to his sentencing. Wade also claims that his counsel was ineffective because he resisted consolidation of Wade's offenses for trial, exposing Wade to sentencing as a second offender following his second conviction, and because his counsel failed to advise him of the potential effect of resisting said consolidation.

Ordinarily, ineffective-assistance-of-counsel claims are best resolved in postconviction proceedings under Iowa Code chapter 663A in which a full evidentiary hearing may be held. Counsel may there respond to the defendant's charges or otherwise state for the record the reasons for actions which were taken at trial. *State v. Hill*, 449 N.W.2d 626, 628 (Iowa 1989); *State v. Johnson*, 445 N.W.2d 337, 339 (Iowa 1989); *State v. Powell*, 400 N.W.2d 562, 565 (Iowa 1987).

The present record does not provide a sufficient basis upon which to determine trial counsel's effectiveness. We therefore reserve that issue for postconviction proceedings.

We find no basis for reversal and therefore affirm the conviction.

AFFIRMED.