STATE of Iowa, Plaintiff–Appellee,

v.

David TILLMAN, Defendant–Appellant.

No. 93–1727.

Court of Appeals of Iowa.

March 30, 1995.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Bridget A. Chambers, Asst. Atty. Gen., Mary E. Richards, County Atty., and Michael Honchins, Asst. County Atty., for appellee.

Heard by DONIELSON, C.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Defendant-appellant David Tillman, Jr., appeals following his conviction for murder in the first degree in violation of Iowa Code sections 707.1 and 707.2 (1993). Defendant

contends the trial court abused its discretion in allowing the admission of evidence of his kidnapping, sexually abusing, and robbing of another victim some six months after the date of the murder with which he was charged. Defendant also contends the trial court abused its discretion in refusing to allow testimony of a statement made by the victim, Toni Bryant, that another man, her boyfriend, Steve Sharp, beat and threatened to kill her. Defendant also contends his trial counsel was not effective and asks he be allowed to bring these claims in an action for postconviction relief. We affirm the conviction. We reserve defendant's right to challenge, in a postconviction proceeding, his trial court counsel's ineffectiveness in not calling Steve Sharp as a witness.

Toni Bryant's body was found about 7:30 a.m. on the morning of February 9, 1992, near the railroad tracks in the Ames business district. Defendant was charged with the murder on December 18, 1992. A jury found him guilty of first-degree murder on October 1, 1993.

Bryant died from several blows to her head made by a blunt object. The medical examiner gave the opinion she had died within twenty-four hours of the time her body was found. She had been last seen on the evening of February 8. There were three unsuccessful attempts to get cash with Bryant's ATM card at 1:56 a.m., 2:04 a.m., and 2:05 a.m. on February 9.

Defendant became a suspect in the murder when, in August 1993, Wendi Alleman reported he broke into her home, sexually abused and robbed her. Alleman alleged she was forced to drive to an ATM machine and get cash. During the course of the abuse, defendant asked Alleman if he had heard about the girl found by the railroad tracks. When she said "yes", he told her he had beaten the girl to death when she refused to cooperate.

At the trial, there was evidence from defendant's girlfriend he returned to the Ames Motor Lodge where they were staying in the early hours of February 9 with blood on his coat; a bump on his head; $60 in cash, a box of rhythm and blues audio tapes; and a thin gold necklace with a small cross. Defendant explained he had been in a card game. He asked his girlfriend to say he was home with her. The tapes were given to the girlfriend's mother. When retrieved, they were identified as part of a series of tapes ordered by Bryant from Time–Life Books.

Blood found on a hammer and other items near Bryant's body was consistent with Bryant's blood; and saliva found on cigarette butts in Bryant's car was consistent with saliva of the defendant and thirty-nine percent of the black population. A substance found on defendant's jacket was of human origin.

The trial court allowed Alleman to testify for the State concerning defendant breaking in her home, raping her, forcing her to go to the cash machine, and his threats and admissions concerning killing the girl found by the railroad tracks. Defendant contends the trial court abused its discretion in admitting the evidence.

Defendant contends the testimony was not relevant and had little probative value. Additionally, he complains it was prejudicial.

█ Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

█ The key is "whether the challenged evidence is relevant and material to some legitimate issue other than a general propensity to commit wrongful acts." *State v. Plaster*, 424 N.W.2d 226, 229 (Iowa 1988); *State v. Barrett*, 401 N.W.2d 184, 187 (Iowa 1987). If evidence is relevant, then the court must determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *State v. Casady*, 491 N.W.2d 782, 785 (Iowa 1992); *Plaster*, 424 N.W.2d at 229; *State v. Kern*, 392 N.W.2d 134, 136 (Iowa 1986). We will reverse its decision only when we find a clear abuse of discretion. *Plaster*, 424 N.W.2d at 229; *Kern*, 392 N.W.2d at 136.

■ What defendant's argument seems to miss is a critical part of the challenge was defendant's admission as a part of a threat that he had killed the woman found by the railroad tracks for her failure to cooperate. These remarks were clearly admissible. *See* Iowa R.Evid. 801(d)(2) which provides a statement is not hearsay if:

(2) *Admission by Party–Opponent.* The statement is offered against a party and is (A) his own statement, in either his individual or a representative capacity, . . .

Defendant concedes the admission was admissible.

Evidence of the content in which the statement was made was relevant to the admission of the statement and created no greater prejudice than the admittedly admissible statement. The trial court did not abuse its discretion.

■ Defendant next challenges the trial court's refusal to admit statements made by Bryant two weeks prior to her murder. The trial court excluded the statements as hearsay. Defendant agrees with the characterization of the statements as hearsay. He contends they should have been admitted under the excited utterance exception to the hearsay rule.

Linda Erickson testified two weeks before the murder she and the victim, Bryant, were on a trip to Nebraska to visit Bryant's father. Erickson testified, while driving to Nebraska, Bryant showed her bruises on her body. Erickson saw bruises on Bryant's arm, back, legs, and stomach. She said the bruises were purple and swollen when Bryant showed her and Bryant was upset and crying.

Erickson was then asked if Bryant told her who injured her and who had given her the bruises. The State lodged a hearsay objection which, after a lengthy record, the trial court sustained. The trial court rejected defendant's argument the evidence was an excited utterance saying the evidence introduced showed Bryant was upset but, it did not show she was laboring under the stress and excitement of the event when she made the statements.

Erickson would have testified, if allowed, that Bryant said the injuries came from her boyfriend who threatened to kill her.

■ The excited utterance exception to the hearsay rule generally applies to statements made under the influence of the excitement of an incident rather than on the reflection or deliberation. *State v. Mateer,* 383 N.W.2d 533, 535 (Iowa 1986). Excited utterances need to be spontaneous in order to guarantee they are made under the influence of the incident rather than after deliberations. *See Bratton v. Bond,* 408 N.W.2d 39, 45 (Iowa 1987); *State v. Watts,* 441 N.W.2d 395, 398 (Iowa App.1989). A spontaneous statement is prompted by an event. *See Watts,* 441 N.W.2d at 398.

Defendant did not show when Bryant received bruises. Erickson did not witness the incident. Bryant, driving her car, had picked Erickson up and only talked about the bruises well into the trip from Ames to Lincoln, Nebraska.

The evidence defendant sought to admit was a rendition of past events. The State's hearsay objection was properly sustained.

Defendant sought to lodge a "Perry Mason" defense. His theory was Steve Sharp, the victim's, Bryant's, boyfriend, had killed her, not he. Defendant sought to introduce evidence from Bryant's friends that Bryant told them Steve had beaten her, stolen a credit card and charged items without her permission and returned them and used the money to buy drugs. Bryant also told her friends she intended to confront and collect the money from Steve. The court sustained defendant's objections to the evidence but said its ruling did not prevent defendant from calling Steve as a witness.

Defense counsel did not call Steve. The State contends defendant has not shown prejudice because Steve's testimony was not admissible as it was not relevant and would not cure the objections to other evidence.

We agree with defendant, this issue cannot be addressed on the record here. We grant defendant's request to raise it in a postconviction proceeding.

Costs on appeal are taxed to defendant.

**AFFIRMED.**

DONIELSON, C.J., concurs.

HABHAB, J., specially concurs.

HABHAB, Judge (specially concurring).

I concur in the result only.