# IN THE COURT OF APPEALS OF IOWA

No. 14-2060
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASON RAY BALL,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Boone County, Dale E. Ruigh, Judge.

The defendant challenges his sentence for sexual exploitation of a minor, second offense, a class "D" felony, in violation of Iowa Code section 728.12(3) (2013). **CONVICTION CONDITIONALLY AFFIRMED, RULING ON MOTION VACATED, AND REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Jason Ball appeals his conviction, sentence, and judgment for sexual exploitation of a minor, second offense, a class "D" felony, in violation of Iowa Code section 728.12(3) (2013). Ball contends the district court entered an illegal sentence by sentencing him as a second offender. Ball further contends the district court applied the wrong standard of review to his motion for new trial.

I.

In July 2012, a cell phone was found in a parking lot of a school. The cell phone was placed in a mailbox inside the school with a note stating the cell phone was found in the parking lot. Two school employees, attempting to ascertain the identity of the phone's owner, discovered explicit photographs, including an infant with a naked adult male, on the phone. As a result, the employees contacted the sheriff's office. The sheriff's office determined the phone belonged to Ball. A detective met with Ball, and Ball consented to a search of his cell phone. The cell phone contained explicit photographs of children engaged in sexual acts. At the time of these events, Ball was on pretrial release for a charge of sexual exploitation of a minor. Ball pleaded guilty to charge in December 2012.

In May 2014, Ball was charged by trial information with a second offense of sexual exploitation of a minor arising out of his possession of the explicit pictures found on his cell phone in July 2012. The matter went to trial, and in August 2014, a jury found Ball guilty. He filed a motion for a new trial, which was denied. Judgment was entered against him.

II.

Our court may correct an illegal sentence at any time and reviews the district court's sentence for correction of errors at law. *State v. Hoeck*, 843 N.W.2d 67, 70 (Iowa 2014); *State v. Parker*, 747 N.W.2d 196, 203 (Iowa 2008). Our review of questions of statutory interpretation is for corrections of errors at law. *State v. Rhiner*, 670 N.W.2d 425, 428 (Iowa 2003). Our court reviews a district court's denial of a motion for a new trial for an abuse of discretion. *State v. Shanahan*, 712 N.W.2d 121, 135 (Iowa 2006).

III.

Ball contends the district court imposed an illegal sentence by sentencing him as a second offender when the offense conduct underlying the second offense occurred prior to conviction for the first offense. The Iowa Supreme Court has consistently held "this state follow[s] the general rule that each offense must be complete as to a conviction and sentencing before commission of the next in order to qualify for the enhancement of penalty under a habitual offender statute, unless the legislature expressly provided otherwise." *State v. Freeman*, 705 N.W.2d 286, 291 (Iowa 2005) (citing *State v. Wade*, 467 N.W.2d 283, 285 (Iowa 1991)); *State v. Hollins*, 310 N.W.2d 216, 217–18 (Iowa 1991); *State v. Clark*, 351 N.W.2d 532, 536 (Iowa 1984); *State v. Robinson*, 262 N.W.2d 270, 271–72 (Iowa 1978); *State v. Tillman*, 228 N.W.2d 38, 41–42 (Iowa 1975); *State v. Conley*, 222 N.W.2d 501, 503 (Iowa 1974)). The court acknowledged in *Wade* that the general rule for recidivism statutes is the "second offense must come after the earlier conviction." 467 N.W.2d at 285; *see also Freeman*, 705 N.W.2d at 291. However, *Wade* held the general rule was inapplicable in that case due

to the express terms of the statute at issue. *Wade,* 467 N.W.2d at 285. The court stated the "general rule must yield to specific language in the statute defining its terms." *Id.* "The legislature understood the general rule applicable to habitual offender statutes and exercised its authority to exclude the application of the rule by including specific language evidencing its intent to do so in our enhancement statute" in *Wade. Freeman*, 705 N.W.2d at 291.

> Here, Iowa Code section 728.12(3) states:
>
> For purposes of this subsection, an offense is considered a second or subsequent offense if, prior to the person's having been convicted under this subsection, any of the following apply:
>       a. The person has a prior conviction or deferred judgment under this subsection.

The statute is clear—the defendant committed a second offense if he had a prior conviction at the time of his conviction for the second offense. *See, e.g., Wade*, 467 N.W.2d at 285 (interpreting the definition of a second or subsequent offense in section 204.411 as requiring a prior conviction to convict someone as a second offender and not requiring "the first conviction to precede the commission of the second offense"); *State v. Sanford*, No. 11-0581, 2013 WL 264644, at *2 (Iowa Ct. App. Jan. 24, 2013) (interpreting the language of "[e]ach previous violation on which conviction or deferral of judgment was entered prior to the date of the offense charged shall be considered and counted as a separate previous offense" as the legislature exercising its authority to exclude application of the general rule). Iowa Code section 728.12(3) does not require the first conviction to precede the commission of the second offense. "When a statute is plain and its meaning clear, we do not search for some other meaning beyond the express terms of the statute." *Wade*, 467 N.W.2d at 285.

Ball is a second offender if he has a prior conviction under Iowa Code section 728.12(3) at the time of his second conviction under that section. Such is the case here. Thus, the court did not err when sentencing Ball for a second offense.

IV.

Ball contends the district court erred and abused its discretion when using the wrong standard to deny Ball's motion for new trial. The district court should grant a motion for new trial only if the jury's verdict is contrary to the weight of evidence. *Shanahan*, 712 N.W.2d at 135 (citing *State v. Ellis*, 578 N.W.2d 655, 657–59 (Iowa 1998)). The verdict is contrary to the weight of the evidence when there is a "greater amount of credible evidence support[ing] one side of an issue or cause than the other." *Id.* (citing *Ellis*, 578 N.W.2d at 658). The "district court has considerable discretion when determining a motion for new trial under the weight-of-the evidence test." *Id.*

Here, the State concedes the district court applied the incorrect standard when ruling on Ball's motion for new trial. The district court considered the "sufficiency of the evidence" and stated "the weight of the effect of that evidence is for the jury" to consider. The district court should have applied the weight-of-the-evidence standard. *Id.* This case must be remanded for application of the correct standard. *See, e.g.*, *State v. Neufeldt*, No. 12-1436, 2013 WL 1457054, at *2 (Iowa Ct. App. Apr. 10, 2013) (concluding the court applied an incorrect standard in its ruling on the motion for new trial and vacating the ruling on the motion for a new trial); *State v. Deboer*, No. 12-1248, 2013 WL 3457183, at *5 (Iowa Ct. App. July 10, 2013) (holding the district court applied the wrong

standard to a motion for new trial and remanding for the court to decide the motion under the *Ellis* standard).

V.

We conditionally affirm Ball's conviction and sentence, vacate the district court's ruling on the motion for new trial, and remand for the limited purpose of having the court determine whether the verdict is contrary to the weight of the evidence. The court shall do so on the basis of the existing record. If the district court denies Ball's motion, our affirmance of his conviction shall stand. If the district court does not, it must set the conviction aside and order a new trial. We do not retain jurisdiction.

**CONVICTION CONDITIONALLY AFFIRMED, RULING ON MOTION VACATED, AND REMANDED WITH DIRECTIONS.**