# IN THE COURT OF APPEALS OF IOWA

No. 19-2049
Filed January 21, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**PAUL RYAN KNUDSEN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Grundy County, Joel A. Dalrymple,

Judge.

A defendant appeals following a jury verdict that found he is an individual

with a prior conviction of sexual abuse. **AFFIRMED.**

Chad R. Frese of Kaplan & Frese, LLP, Marshalltown, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney

General, for appellee.

Considered by Mullins, P.J., and May and Schumacher, JJ.

**SCHUMACHER, Judge.**

Paul Ryan Knudsen appeals a jury finding that he is an individual with a prior sexual conviction, arguing insufficiency of the evidence. He also alleges the district court abused its discretion by denying his motion for a mistrial following the admission of evidence that lacked proper foundation. We find the record contains substantial evidence to support the jury's verdict. We also find the district court did not abuse its discretion. Accordingly, we affirm.

## I.      Facts & Proceedings

In 2006, following a guilty plea, Knudsen was convicted of third-degree sexual abuse in Polk County, Iowa. In 2015, Knudsen was charged in Grundy County with three counts of sexual abuse in the third degree and one count of lascivious conduct with a minor. In 2017, following a trial on the Grundy County charges, a jury found him guilty on all four counts. Knudsen admitted he had been previously convicted of sexual abuse, subjecting his sentence to the enhancement under Iowa Code section 901A.2(1) (2015). He was sentenced to life imprisonment on each of the sexual-abuse convictions and to an indeterminate term not to exceed two years on the lascivious-conduct-with-a-minor conviction, subject to the enhancement of section 901A.2(1).

Knudsen appealed his conviction and sentence. This court affirmed the jury's guilty verdict but found deficiencies in the district court's sentencing enhancement colloquy. We vacated Knudsen's sentenced and remanded for correction of the sentencing defect. *See State v Knudsen,* No. 17-0531, 2018 WL 4922954, at *5–11 (Iowa Ct. App. Nov. 7, 2018).

On remand, Knudsen demanded a trial by jury to establish his prior conviction. A two-day jury trial commenced on October 30, 2019. The jury found Knudsen to be an individual with a prior conviction of sexual abuse. On December 2, Knudsen was sentenced to three concurrent terms of life in prison and an indeterminate term not to exceed two years subject to the enhancement of section 901A.2(1).

Knudsen appeals from his sentencing enhancement hearing, arguing the evidence is insufficient to support the jury's finding and that the district court abused its discretion in denying his motion for mistrial.

## II. Sufficiency of the Evidence

### A. Standard of Review

Sufficiency of evidence claims are reviewed for correction of errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). A verdict is binding upon this court and will be upheld unless it is not supported by substantial evidence. *State v. Tipton*, 897 N.W.2d 653, 692 (Iowa 2017). Substantial evidence is evidence that would convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *Id.* If evidence raises only suspicion, speculation, or conjecture, it is not substantial. *State v. Howse*, 875 N.W.2d 684, 688 (Iowa 2016). We consider all evidence in the record, not just the evidence supporting guilt. *Tipton*, 897 N.W.2d at 692. We view all relevant evidence in the light most favorable to the State. *Id.*

### B. Merits

Knudsen claims the evidence is insufficient to prove he is the same Paul Ryan Knudsen convicted of sexual abuse in 2006. At trial, extensive documentary

evidence connecting Knudsen to the 2006 conviction was presented. However, Knudsen contends this was insufficient because no witness who was familiar with the Paul Ryan Knudsen convicted in 2006 identified Paul Ryan Knudsen—the defendant in the courtroom—as being the same person.

We reject this argument. Knudsen cites no legal authority supporting his proposition that positive in-court identifications by a witness are required to prove a prior conviction. Documentary evidence connecting a defendant to a prior conviction may be sufficient to prove identity. *See State v. Sanborn*, 564 N.W.2d 813, 816 (Iowa 1997) (finding name on prior judgment in connection with other identifying information sufficient to prove identity of prior conviction); *State v Jordan*, 663 N.W.2d 877, 882 (Iowa 2003) (finding name on prior convictions corresponding to prison terms and inmate identification number sufficient to prove habitual offender status).

Substantial evidence establishing Knudsen was previously convicted of sexual abuse was presented at trial. Clerk certified records from Knudsen's 2006 conviction, including the preliminary complaint, order accepting guilty plea, and sentencing and probation order, were submitted into evidence. Also submitted were multiple notices of sex offender registration bearing Knudsen's name and signature as well as other biographical information such as date of birth, address, and social security number. The jury received ten mugshots of Knudsen, taken during the years since his prior conviction as required by his sex offender status. Ward Ingham, a fingerprint expert from the Iowa Department of Criminal Investigation, compared fingerprint cards taken from Knudsen's 2006 and 2017 convictions and testified that the fingerprints came from the same person. Finally,

Deputy Timothy Wolthoff, who is responsible for registering sex offenders when they move to the county, positively identified the defendant in the courtroom as the same person who registered under the name Paul Ryan Knudsen.

We find the record contains substantial evidence to support the jury's finding that Knudsen is an individual with a prior conviction for sexual abuse.

**III.    Motion for a Mistrial**

Knudsen contends the district court abused its discretion in denying his motion for a mistrial.  He argues the court's curative instruction following testimony concerning evidence lacking proper foundation was insufficient to mitigate its prejudicial impact.

**A.    Standard of Review**

The denial of a mistrial and the giving of a cautionary instruction are reviewed for an abuse of discretion.  *State v. Plain*, 898 N.W.2d 801, 811 (Iowa 2017) (citing *State v. Wade*, 467 N.W.2d 283, 285 (Iowa 1991)).  "When assessing a district court's decision for abuse of discretion, we only reverse if the district court's decision rested on grounds or reasoning that were clearly untenable or clearly unreasonable." *Id.*  "Grounds or reasons are untenable if they are 'based on an erroneous application of the law or not supported by substantial evidence.'" *Id.* (citation omitted).

**B.    Discussion**

Knudsen takes issue with testimony concerning two sets of exhibits.  The first is State's exhibit 56, which includes a clerk of court certificate and the preliminary complaint, trial information, and order accepting guilty plea from

Knudsen's 2006 conviction.[1]  The second is State's exhibit 57, which includes three pages from Knudsen's 2006 sentencing order.[2]

To introduce the exhibits, the State called Cheryl Nolan, a custodian of records at the Iowa Sex Offender Registry Unit.  In laying the foundation to admit the exhibits, Nolan testified the documents came from Knudsen's sex-offender-registry file in her office.  The exhibits were admitted through Nolan as a foundational witness.  Nolan continued her testimony and described the documents, noting they contained identifying information such as name, date of birth, and social security number.  However, later in her testimony, Nolan corrected herself and stated that the documents appeared to be certified copies from the clerk of court and the copies marked as exhibits did not come directly from her office's file.

Following Nolan's correction, Knudsen moved for a mistrial based on the exhibits being introduced through improper foundation.  Before ruling on the motion, the court excused the jury and called Nolan for voir dire to determine which documents were contained in Knudsen's registry file.  It was established that Nolan's file contains copies of Knudsen's 2006 sentencing order; however, the documents marked and submitted as State's exhibits 56 and 57 did not come directly from her office's file and were supplied by the State.

Having established that Nolan was not a proper foundational witness for the admitted exhibits, Knudsen argued a mistrial was necessary because Nolan's

---

[1] The exhibit's individual documents were marked for trial as State's exhibits 56 - A, B, D, and E, respectfully.

[2] Individual pages in the exhibit were marked for trial as State's exhibit 57 - A, B, and C.

testimony concerning the documents was highly prejudicial and could not be mitigated. The State responded by arguing that despite the foundational confusion with Nolan, the exhibits were admissible as self-authenticating public records and, therefore, testimony regarding its contents could not have prejudiced Knudsen.

After hearing the arguments, the district court denied the motion for a mistrial. To correct its prior ruling, the court removed the exhibits from evidence, and the judge issued a curative explanation to the jury. The court stated,

> Ladies and gentlemen, in light of some of the issues that came up yesterday, and the various discussion we've been having over the course of yesterday and this morning, the court has reconsidered a previous ruling that it made.
> I advised for the record that Exhibits 56 - A, B, D, and E, as well as 57 - A, B, and C would be admitted. With that reconsideration, at this point in time they are not admitted, and we're going to proceed accordingly.

Immediately following, the State sought to re-admit the exhibits as self-authenticating public records, and they were received. *See* Iowa Rs. Evid. 5.803(8)(A)(i), 5.902(4); *see also* Iowa Code § 622.53.

## C.    Analysis

A district court has broad discretion when ruling on a motion for mistrial, and a defendant "bears the heavy burden of demonstrating a clear abuse of discretion on the part of trial court." *Wade*, 467 N.W.2d at 285 (quoting *State v. Brown*, 397 N.W.2d 689, 699 (Iowa 1986)). Here the jury heard testimony concerning documents initially introduced through an improper foundational witness and Knudsen moved for a mistrial. Rather than grant the motion, the district court explained to the jury that it was correcting its prior ruling and removed the evidence. The same evidence was then later admitted on alternative grounds.

On our review, we find no abuse of discretion. "Generally, a district court's decision not to grant a mistrial but to offer a cautionary instruction instead is entitled to broad deference." *Plain*, 898 N.W.2d 801 at 811. The district court took prompt remedial action following Nolan's corrective statement. The court immediately excused the jury, further examined the witness, removed the exhibits from evidence, and offered a curative explanation to the jury. "Cautionary instructions are sufficient to mitigate the prejudicial impact of inadmissible evidence 'in all but the most extreme cases.'" *Id.* (quoting *State v. Breitbach*, 488 N.W.2d 444, 448 (Iowa 1992)).

Additionally, the prejudice resulting from the contested testimony was minimal. The State offered considerable evidence to prove its case and the challenged evidence heard by the jury was cumulative. The exhibits at issue were later admitted as self-authenticating public records and Knudsen does not challenge this on appeal. The alleged prejudice from the evidence initially being improperly introduced was mitigated upon later admittance and in light of the State's case. *Id.* at 815 (stating "the stronger the State's evidence of [the defendant's] guilt is, the less prejudicial the effect of the challenged testimony.") Any prejudice that resulted did not rise to such a level as to require a mistrial.

## IV. Conclusion

We find the record contains substantial evidence to support the jury's finding Knudsen is an individual previously convicted of sexual abuse and that the district court did not abuse its discretion in denying his motion for a mistrial.

**AFFIRMED.**