STATE of Iowa, Appellee,

v.

Cecil Otto TILLMAN, Appellant.

No. 57278.

Supreme Court of Iowa.

April 16, 1975.

Keith, Gallagher, Lybbert, Martin & Burk, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen. and David J. Dutton, Black Hawk County Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

LeGRAND, Justice.

Having pled guilty to the crime of shoplifting in violation of § 709.20, The Code, and having admitted he was twice convicted and sentenced for previous felonies, defendant was sentenced as an habitual criminal under § 747.5, The Code, to serve a term of not more than 25 years in the Men's Reformatory at Anamosa. He appeals from this judgment, and we reverse.

There are two issues raised by this appeal. Defendant asserts, first, that the trial court erred in denying his motion for permission to withdraw his plea of guilty; and, second, defendant insists he is not subject to the enhanced punishment meted out

to those defined as habitual criminals in § 747.5, The Code.

I. We consider first the trial court's denial of defendant's request to withdraw his plea of guilty. The factual background leading up to this motion is as follows.

When defendant entered his plea of guilty to shoplifting he refused to plead guilty to the "charge" of being an habitual criminal, and it seems both court and counsel treated this as if it were a separate crime, although we have held it is not. See State v. Goodwin, 212 N.W.2d 399, 401 (Iowa 1973).

At the time fixed for sentencing, defendant asked permission to withdraw his guilty plea on the ground "it had been tentatively worked out with the county attorney's office that [defendant] would not be charged as an habitual criminal if he pled guilty" to the charge of shoplifting. Counsel stated that defendant, upon learning the State would ask that he be sentenced as an habitual criminal, was no longer willing to plead guilty to the shoplifting charge. Counsel (not the attorney who now represents defendant) made this statement to the court:

> "[Defendant] now insists that he is innocent and states that he was a little confused with what went on last Friday [when he entered his plea] and he would like to withdraw his guilty plea at this time and enter a not guilty plea."

The State then advised the trial court it had always intended to ask that defendant be sentenced as an habitual criminal. Defendant's counsel thought there had been a "misunderstanding" concerning the "tentative" arrangement to forego the request for punishment under § 747.5.

The trial court denied permission to withdraw the plea, principally because the evidence of guilt as shown by the minutes of testimony was "overwhelming."

Defendant now argues his plea was not voluntarily entered, although strangely there is no direct appeal on that issue. Rather, the matter is raised peripherally as a basis for asking us to reverse the trial court's denial of the motion for withdrawal of the guilty plea. Even then, it was not specifically stated as a ground for the motion. However, the motion adequately presents the issue that defendant claims he was assured the State would not ask for punishment as an habitual criminal in return for a guilty plea to the shoplifting charge, and we consider it in that context.

A defendant has no absolute right to withdraw his guilty plea. Permission to do so is a matter of trial court discretion, and we reverse only for an abuse of that discretion. State v. Watts, 225 N.W.2d 143, 146 (Iowa 1975); State v. Kirchner, 216 N.W.2d 316 (Iowa 1974); State v. Taylor, 211 N.W.2d 264, 266 (Iowa 1973); § 777.15, The Code.

Simply stated, defendant's theory is that the trial court accepted his plea in the first place without following the precepts of State v. Sisco, 169 N.W.2d 542, 547 (Iowa 1969) because no inquiry was made by the court to determine the plea was made voluntarily. When this was called to the court's attention by asking to withdraw the plea, defendant argues the court erred in denying the motion.

We believe there is merit to this argument. A review of the transcript reveals the trial court made no investigation as to the voluntariness of the plea. *Sisco* makes such a determination mandatory. See State v. Sisco, supra, 169 N.W.2d at 548. There we said:

> "In other words, a sentencing court may not abrogate or delegate to anyone, including attorney for accused, the duty to determine defendant's knowledge of the charge, appreciation of legal consequences of a guilty plea, whether it is voluntarily entered, or existence of facts supporting it."

See also State v. Watts, supra, 225 N.W.2d at 144.

The ABA Minimum Standards for Criminal Justice referred to and adopted in *Sisco*

set out as one reason for this requirement that it will permit the court to "determine whether the tendered plea is the result of prior plea discussions and a plea agreement." See State v. Runge, Iowa, 228 N.W.2d 35, filed April 16, 1975. Certainly compliance with *Sisco* would have had that salutary result here.

The State relies strongly on State v. Whitehead, 163 N.W.2d 899, 903 (Iowa 1969) and State v. Lindsey, 171 N.W.2d 859, 865 (Iowa 1969). Both are so dissimilar factually that they afford no support for the State's position. Not only was *Whitehead* a pre-Sisco case, but in addition the motion to withdraw the guilty plea was made *after* judgment. See § 777.15, The Code. In *Lindsey* a motion to withdraw the plea was not made at all. We said there:

"A defendant cannot be permitted to enter a guilty plea, gamble on the sentence, and then move to withdraw the plea if he is disappointed with the severity of the imposed sentence. * * * *This is, in effect, what defendant attempts to do by this appeal, although at no time before or after judgment has he asked to withdraw that plea.* Therefore, it must be concluded he knowingly and intentionally elected to let his plea of guilty stand and gamble on the consequences." (Emphasis added.)

The circumstances presented here are quite different. In the first place, the trial court failed to explore the voluntariness of the plea independently as required by *Sisco.* When defendant later moved for permission to withdraw his plea on grounds which we believe adequately raised the issue of voluntariness, the trial court was alerted to this oversight and to the additional fact defendant claimed his plea resulted from promises concerning punishment.

Refusal of the trial court to grant defendant's motion to withdraw his guilty plea under those circumstances was an abuse of discretion. We therefore reverse and remand with instructions that defendant be allowed to withdraw his guilty plea.

■ II. Since the question of punishment as an habitual criminal will likely be raised again on remand, we consider that issue now.

We are faced once more, as we have been several times recently, with the application of the habitual criminal statute (§ 747.5) to specific circumstances. See State v. Conley, 222 N.W.2d 501 (Iowa 1974); State v. Houston, 209 N.W.2d 42 (1973); and Hack v. Auger, Iowa, 228 N.W.2d 42, filed April 16, 1975.

Defendant argues this statute does not apply to him under the present facts. We agree. ·

The statute provides in pertinent part as follows:

"Whoever has been *twice convicted of a crime, sentenced, and committed to prison,* in this or any other state, * * * for terms of not less than three years each shall, upon conviction of a felony * * * be deemed to be a habitual criminal, and shall be punished by imprisonment in the penitentiary for a term of not more than twenty-five years * * *" (Emphasis supplied.)

The record shows that on December 23, 1971, defendant was convicted of attempting to break and enter in violation of § 708.-10, The Code, and sentenced to five years imprisonment. The sentence was suspended, and Tillman was paroled during good behavior. His parole was revoked on May 12, 1972. He was then confined to the Men's Reformatory to serve this sentence.

On July 3, 1972, defendant was convicted of shoplifting (§ 709.20), an offense committed on March 26, 1972. He was sentenced as a common thief under § 709.19 to serve a term of 7 years in the penitentiary. The sentence ran concurrently with his prior sentence above noted.

These were the convictions used to justify sentencing defendant as an habitual criminal when he was again convicted of shoplifting for an incident occurring on November 23, 1973, the matter now before us.

Our determination depends upon rules of statutory construction which were recently summarized in State v. Conley, supra, 222 N.W.2d at 502. They need not be repeated.

We believe this case is decided by the following language from State v. Conley, supra, 222 N.W.2d at 502, 503:

"In the light of its purpose, and applying the principle of strict construction we hold in accordance with the general rule that under § 747.5 the first conviction and imposition of sentence must precede the second offense, and that both of the prior convictions and impositions of sentence must precede the third conviction.

"That sequence does not exist in this case. The incidents resulting in the first and second convictions each occurred before conviction and imposition of penalty for the first offense. Therefore, Code § 747.5 is inapplicable * * *"

As in *Conley*, the "sequence" is missing here too. The second offense occurred on March 26, 1972. This was after his sentence on the first charge but before he was committed to prison for that crime. Under *Conley* it cannot serve as a predicate for punishment under § 747.5.

This view receives support from other jurisdictions. In Massachusetts, from whose recidivist statute ours might well have been taken, the same result was reached. See McDonald v. Commonwealth, 173 Mass. 322, 53 N.E. 874 (1899), aff'd 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542, 547 (1901). In the *McDonald* case, the United States Supreme Court made the following observations about the Massachusetts statute:

"Statutes imposing aggravated penalties on one who commits a crime after having already been *twice subjected to discipline by imprisonment* have long been in force in Massachusetts; and *effect was given to previous imprisonment,* either in Massachusetts or elsewhere in the United States by the statute of 1827, Chapter 118, § 19 and by the Revised Statutes * * *" (Emphasis added.)

In Illinois the habitual criminal statute, Ill.Rev.Stat.1945, ch. 38, § 602 provides:

"Whenever any person * * * who has been convicted * * * *when the punishment was imprisonment in the penitentiary* * * * shall thereafter be convicted * * * the punishment shall be imprisonment * * * for the full term provided by law for such crimes * * *" (Emphasis supplied.)

In construing this statute in People v. Perkins, 395 Ill. 553, 70 N.E.2d 622, 623–625 (1946), the court said:

"As the statute stands today, *actual imprisonment in the penitentiary for the prior offense is a prerequisite to the imposition of aggravated punishment under the act upon conviction of a subsequent offense.* Not only must the defendant be convicted of one of the named crimes, but his conviction must have resulted in punishment by imprisonment in the penitentiary. In short, it is not enough that there was a prior conviction for a crime punishable by imprisonment in the penitentiary, since the law now requires that there must have been a prior conviction followed by imprisonment in the penitentiary. The sentence, or imprisonment, is a condition precedent to an enlargement of the sentence for a present conviction under the Habitual Criminal Act." (Emphasis added.)

See also Cooper v. State, 284 N.E.2d 799, 803 (Ind.1972), relied on in our *Conley* case.

■ Our statute dictates that each offense must have been complete as to conviction, sentence and commitment to prison before the commission of the next in order that it qualify for application of the enlarged punishment of § 747.5.

This merely reiterates what we said in State v. Conley, supra, 222 N.W.2d at 503:

"Recidivist statutes are enacted in an effort to deter and punish incorrigible offenders. * * * [T]hey are intended to apply to persistent violators who have not responded to the restraining influence of conviction and punishment * * *

"In accordance with this logic, each conviction and sentence which serves as a predicate for application of an habitual criminal statute is viewed as separate warning. Even though the statute is silent on the point, *it follows that the offense, conviction and imposition of penalty must precede each succeeding offense, conviction, and imposition of penalty for the statute to be applicable.*" (Emphasis added.)

When we talked of "imposition of sentence" in *Conley,* we meant "commitment to prison." No other sentence (including a prison term from which probation has been granted) will suffice to bring § 747.5 into play. This is clear from this language in *Conley*:

"Here the statute [§ 747.5] defines the conditions for its application. In doing so it makes the nature of the disposition of the two prior convictions determinative of their use as predicates for the greater penalty upon a third conviction. *The defendant must have been on each prior occasion 'convicted of crime, sentenced, and committed to prison * * * for [a term] of not less than three years * *.'* Significantly, the statute emphasizes conviction and disposition of the prior offense. There can be no recidivism until after conviction of crime and imposition of penalty * * *." (Emphasis supplied.)

Cf. State v. Houston, supra, 209 N.W.2d at 47.

■ III. We find no merit in defendant's other argument that the proceedings were defective because he did not enter a plea to being an habitual criminal. It is not necessary that there be a formal plea in order for § 747.5 to become operative. We have held the section does not define a separate crime, but merely provides for additional punishment. State v. Goodwin, supra, 212 N.W.2d at 402.

IV. For the reasons stated, the case is reversed and remanded.

Reversed and remanded.