**STATE of Iowa, Appellee,**

v.

**Charles Edward ROBINSON, Appellant.**

**No. 60604.**

Supreme Court of Iowa.

Feb. 22, 1978.

Paul T. Shinkle, of Ackerman & Shinkle, Cedar Falls, for appellant.

Richard C. Turner, Atty. Gen., David Correll, County Atty. and Harry Zanville, Asst. County Atty., for appellee.

Considered by MOORE, C. J., and MASON, RAWLINGS, REES, and UHLENHOPP, JJ.

MOORE, Chief Justice.

Defendant was convicted of shoplifting in violation of Code section 709.20 and sentenced as an habitual criminal under the provisions of Code section 747.5. He appeals contending the habitual criminal statute is inapplicable to him. We disagree and affirm.

The facts material to this appeal are that defendant was charged in the Black Hawk County District Court on December 6, 1976 with shoplifting in violation of Code section 709.20. The prosecutor amended the County Attorney's information on January 18, 1977 to add the habitual criminal charge in violation of Code section 747.5. The prior convictions relied on as predicates for habitual criminal charges were prior unrelated aggravated robbery and forgery charges. In 1972 defendant in Black Hawk case No. 15756 was convicted of robbery with aggravation, sentenced and committed to the Men's Reformatory for a term not to exceed twenty-five years. In 1974, defendant (while on parole) in Black Hawk case No. 16973 was convicted of forgery, sentenced and committed to the Men's Reformatory for a period not to exceed ten years. The second sentence was ordered to run concurrently with the time remaining on the first.

Defendant was tried and convicted on January 25, 1977 of shoplifting based on an incident which occurred in a Waterloo department store on December 1, 1976.

Thereafter he demurred to the amended County Attorney's information which reflected the habitual criminal charge on the ground, inter alia, that since the ten-year sentence for the 1974 forgery charge was encompassed within and ran concurrently with the time remaining on the twenty-five year 1972 aggravated robbery charge that it led to no additional sentence or commitment and thus the habitual criminal statute was inapplicable. After hearing in which defendant admitted the prior charges and convictions, the trial court overruled the demurrer.

Defendant was subsequently sentenced as an habitual offender under section 747.5 to an indeterminate twenty-five year prison sentence.

Section 747.5 provides:

" 'Habitual Criminal' defined. Whoever has been twice *convicted* of crime, *sentenced, and committed to prison,* in this or any other state, or by the United States, or once in this state and once at least in any other state, or by the United States, for terms of not less than three years each shall, upon conviction of a felony committed in this state after the taking effect of this section, be deemed to be an habitual criminal, and shall be punished by imprisonment in the penitentiary for a term of not more than twenty-five years, provided that no greater punishment is otherwise provided by statute, in which case the law creating the greater punishment shall govern." (Emphasis supplied.)

■ We note the admissions of defendant obviated the necessity of submitting to the jury the question of defendant's prior convictions. *State v. Watts,* Iowa, 244 N.W.2d 586, 590; *State v. Goodwin,* Iowa, 212 N.W.2d 399, 402; *State v. Ganaway,* 243 Iowa 1316, 1319, 55 N.W.2d 325, 326.

■ Our habitual criminal law is the typical recidivist statute by which the State undertakes to more severely punish those incorrigible offenders who have not responded to the restraining influence of conviction and incarceration. *Hack v. Auger,* Iowa, 228 N.W.2d 42, 43; *State v. Tillman,* Iowa, 228 N.W.2d 38, 41.

The mechanics of the statute have been thoroughly discussed in two of our prior opinions. *State v. Houston,* Iowa, 209 N.W.2d 42; *State v. Conley,* Iowa, 222 N.W.2d 501. In *Houston* we held mittimus is synonymous with the word "commitment" as used in the statute. Furthermore, we explained that statutory reference to prior three-year terms refers to the "term" of the sentence, not to the time defendant was actually incarcerated. Clearly here the

requirements of Houston were met. There were two separate sentences imposed for terms of greater than three years and two separate mittimus orders issued. Defendant concedes as much but challenges imposition of the habitual criminal statute to this case because there was failure to comply with the strict construction we gave the statute in *State v. Conley* and followed in *State v. Tillman,* supra.

In *Conley* we explained the necessary sequence of events which must exist before section 747.5 applies:

"In accordance with this logic each conviction and sentence which serves as a predicate for application of an habitual criminal statute is viewed as a separate warning. Even though the statute is silent on the point, it follows that the offense, conviction, and imposition of penalty must precede each succeeding offense, conviction, and imposition of penalty for the statute to be applicable." 222 N.W.2d at 503.

Because in *Conley* the incidents resulting in the first and second convictions each occurred prior to conviction and imposition of sentence for the first offense, we held the conditions of section 747.5 were not met and consequently reversed and remanded for resentencing. However, we left open the question now presented as to the effect of concurrent sentences.

Recently the Supreme Court of Connecticut was faced with a similar attack on its "third offender" statute where a defendant was incarcerated in 1966, paroled and in 1968, while still on parole, he was sentenced to a period of incarceration to run concurrently with the sentence imposed in 1966. In *State v. Clemons,* 168 Conn. 395, 408, 409, 363 A.2d 33, 40, the court rejected the challenge stating:

" * * *. The defendant's sole basis for contending that he is not a third offender is that the concurrence of the second incarceration with the period remaining on the first sentence prevents its constituting the second of two separate imprisonments. There is no merit to this argument. Placing such a construction on

this statute and its successor, § 53a–40, would tend to discourage concurrent sentences. The 1966 and 1968 convictions constitute separate judgments upon each of which the defendant was required to serve a set period of imprisonment. Had the defendant been pardoned of the second offense prior to completion of his term of imprisonment, or had he received a modification of that second term, he still would have been required to serve the term meted out in the first sentence. The imposition of a concurrent sentence is not an empty act, as the defendant's argument implies. Rather, it allows the court the flexibility of setting definite periods of imprisonment that fit the particular defendant's situation, despite the number of offenses to which the sentences apply; they remain, however, separate terms of imprisonment which the legislature has permitted to be served at one time."

 We find the reasoning persuasive as our legislature has similarly provided for concurrent sentencing; it is the general rule in Iowa unless the trial court expressly provides otherwise in its sentencing order. Code section 789.12. We have construed the statute and held it encompasses sentences pronounced at different times by different courts of Iowa. *Cleesen v. Brewer,* Iowa, 201 N.W.2d 474, 477. Clearly the legislature has decided that this option should be available to the sentencing judge.

Unlike the specific circumstances presented in *Conley* and *Tillman,* here the criminal "sequence" was in fact adhered to. Defendant was charged, sentenced and committed to prison in 1972 for the aggravated robbery offense. Two years later he was charged, sentenced and committed to prison for the forgery offense. It makes no difference that the latter sentence was served concurrently with the remainder of the first offense as the first conviction and imposition of sentence properly preceded it. Likewise both prior offenses and impositions of sentence preceded the third conviction, here shoplifting.

Trial court did not err in imposing sentence under section 747.5.

AFFIRMED.