STATE of Iowa, Appellee,

v.

Vincent Leroy SPOONEMORE,
Appellant.

No. 98–280.

Supreme Court of Iowa.

July 8, 1999.

---

Linda Del Gallo, State Appellate Defender, and Shellie L. Knipfer, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Joel A. Dalrymple, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

CARTER, Justice.

Defendant, Vincent Leroy Spoonemore, who was adjudged guilty of operating while intoxicated, third offense, in violation of Iowa Code section 321J.2 (1997), and being an habitual offender, in violation of Iowa Code section 902.8, appeals, asserting that two prior OWI convictions entered on the same day may not be considered as multiple prior offenses. We reject this contention and affirm the judgment of the district court.

■ Defendant argues that his two prior OWI convictions may not be treated as multiple prior offenses because those judgments of conviction were entered on the same day. In so urging, the defendant relies in part on the opinion of this court in *State v. Clark*, 351 N.W.2d 532 (Iowa 1984). In *Clark* we interpreted Iowa Code section 321.281(2) (1981) as requiring that, in order to enhance an OWI offense to a second or third offense under that statute, each prior offense must be complete both as to commission and conviction before the next succeeding offense was committed. *Clark*, 351 N.W.2d at 536.

In an apparent response to our decision in the *Clark* case, the legislature, as part of a comprehensive rewriting of Iowa Code section 321.281 (thereupon renumbering the section under discussion as 321J.2(3)), enacted the following provision:

Each previous violation shall be considered a separate previous offense *without regard to whether each was complete as to commission and conviction or deferral of judgment following or prior to any other previous violation.*

1986 Iowa Acts ch. 1220, § 2 (emphasis added). In interpreting that statutory revision, the court of appeals held that two prior judgments of conviction for OWI entered on the same day would be considered as multiple prior offenses for purposes of

enhancing a subsequent OWI conviction to a third offense. *State v. Burden,* 445 N.W.2d 395, 398 (Iowa App.1989).

Subsequent to the *Burden* decision, the statute was changed. A 1990 amendment struck the language, which we have italicized in the above quotation. 1990 Iowa Acts ch. 1233, § 20.[1] Defendant urges that the effect of stripping the language "without regard to whether each was complete as to commission and conviction or deferral of judgment following or prior to any other previous violation," is to place him in the same situation as the defendant in the *Clark* case. We disagree with this suggestion.

■ We have recognized that when an amendment to a statute deletes certain words a change in the law will be presumed unless the remaining language amounts to the same thing. *State v. Phelps,* 417 N.W.2d 460, 462 (Iowa 1988). At the time *Clark* was decided, the applicable statute, Iowa Code section 321.281 (1981), merely provided for enhanced penalties for second-offense and third-offense OWI violations without specifying in any way when the prior violations would be considered to be complete for purposes of that enhancement. We believe, as did the court of appeals in *Burden,* that the 1986 amendment required a different result from that reached in *Clark.* We also are convinced that the 1990 amendment deleting certain language from the 1986 legislation does not alter its meaning with respect to the issue now under consideration. The remaining language provides that "[e]ach previous violation shall be considered a separate previous offense." That language clearly negates the characterization of prior offenses that this court adopted in the *Clark* case and for which defendant opts on this appeal. It supports

the district court's conclusion that defendant was properly convicted of OWI (third offense).

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**

---

1. A 1997 amendment again rewrote the statute in the following form:

    Each previous violation on which conviction or deferral of judgment was entered prior to the date of the violation charged shall be considered and counted as a separate previous offense.

1997 Iowa Acts ch. 177, § 4. The date on which defendant's third OWI offense occurred was March 30, 1997, prior to the effective date of the latest amendment.