# IN THE COURT OF APPEALS OF IOWA

No. 18-1283
Filed July 3, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**THOMAS JEREMY LOPEZ,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Tama County, Patrick R. Grady,

Judge.


        Thomas Lopez appeals his conviction of possession of a controlled

substance, third or subsequent offense, and the sentence imposed.  **AFFIRMED.**


        Wallace L. Taylor of Law Offices of Wallace L. Taylor, Cedar Rapids, for

appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney

General, for appellee.


        Considered by Doyle, P.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

Thomas Lopez committed the crime of possession of a controlled substance in October 2014. He was convicted and sentenced in November. He committed the crime again in December 2015. He was convicted and sentenced in July 2016. The second sentence included sixty days in jail, which was suspended, and one year of probation. Lopez was subsequently charged by trial information with possession of a controlled substance, third or subsequent offense, in violation of Iowa Code section 124.401(5) (2016) in relation to acts occurring in December 2016. Lopez waived his right to a jury trial and stipulated to a trial on the minutes of evidence and exhibits. The court found Lopez guilty as charged. Lopez filed a combined motion for a new trial and in arrest of judgment in which he argued, among other things, that because he "was on probation with a suspended sentence for one of the two predicate offenses," the court could not consider it as a prior offense because the "sentence was not complete." The court denied the motion and sentenced Lopez to a term of incarceration not to exceed five years, suspended the sentence, and placed Lopez on probation for three years.

Lopez appeals. He argues "the district court erred in enhancing [his] sentence with a conviction for which he had not completed his sentence." Lopez cites the supreme court's ruling in *State v. Freeman*, 705 N.W.2d 286 (Iowa 2005), to support his specific argument that "in order for a sentence to be enhanced by a prior offense, the prior offense must be complete as to *conviction and sentence* before commission of the subsequent offense" and his "prior sentence was not complete because he was still on probation for that offense." (Emphasis added.)

Iowa Code section 124.401(5) provides: "A person who commits a violation of this subsection and has previously been convicted two or more times of violating this chapter or chapter 124A, 124B, or 435B is guilty of a class 'D' felony." In construing this statutory language, the *Freeman* court reviewed its prior holdings relating to recidivism statutes. *See generally* 705 N.W.2d at 288–91. First, in *State v. Conley*, the court considered a habitual-criminal statute that provided: "Whoever has been twice convicted of crime, sentenced, and committed to prison . . . for terms of not less than three years each shall, upon conviction of a felony . . . be deemed to be a habitual criminal . . . ." 222 N.W.2d 501, 501–02 (Iowa 1974) (quoting Iowa Code § 747.5 (1971)). The *Conley* court noted recidivism requires "conviction of crime and imposition of penalty." *Id.* at 502–03. The court reasoned, "Recidivist statutes are enacted in an effort to deter and punish incorrigible offenders. They are intended to apply to persistent violators who have not responded to the restraining influence of conviction and punishment." *Id.* at 503 (citations omitted). Following the general rule, the court held "the first conviction and imposition of sentence must precede the second offense, and that both of the prior convictions and impositions of sentence must precede the third conviction." *Id.*

The habitual-criminal statute was considered again in *State v. Tillman*, 228 N.W.2d 38 (1975). There, the court reaffirmed its holding in *Conley*, but it noted, "When we talked of 'imposition of sentence,' in *Conley*, we meant 'commitment to prison.'" *Tillman*, 228 N.W.2d at 42. However, as noted, section 747.5 expressly required the predicate offenses to have resulted in "prison . . . for terms of not less than three years each" in order for the statute to apply. *See id.*

The legislature amended the habitual-offender statute in 1976 to provide: "An habitual offender is any person convicted of a class C or a class D felony who has twice before been convicted of any felony . . . ." 1976 Iowa Acts ch. 1245, ch. 3, § 208 (codified at Iowa Code § 902.8). Despite the change in language and sole requirement of two prior felony convictions, the court reaffirmed the teachings of *Conley* and *Tillman* as to the new statute, holding "each offense must be complete as to a *conviction and sentencing* before commission of the next in order to qualify for the enhancement of penalty under a habitual offender statute." *Freeman*, 705 N.W.2d at 289 (emphasis added) (discussing *State v. Hollins*, 310 N.W.2d 216, 217–18 (Iowa 1981)).

Relying on language contained in *Tillman*, Lopez appears to argue mere imposition of sentence is not enough to trigger a prior offense as applicable under section 124.401(5) (2016). He maintains the sentence imposed in relation to the prior conviction "must be complete prior to the commission of the subsequent offense" in order for it to be considered a prior conviction under section 124.401(5).

We disagree. The *Freeman* court considered the habitual-offender statutes after repeal of Iowa Code section 747.5 as considered by *Tillman* and *Conley*, and held "the general rule that each offense must have been complete as to a *conviction and sentencing* before the commission of the next in order that it qualifies for the enhancement of penalty under a recidivism statute" applies to enhancement under section 124.401(5). *Id.* at 291 (emphasis added). The requirement of "commitment to prison" or "completion of sentence" that derived from section 747.5 is no longer required. "Conviction and sentencing" are all that

are now required. Lopez's argument that "the prior offense must be complete as to conviction and sentence" is incorrect.

The general rule, as stated in *Conley* and again reaffirmed in *Freeman*, is that "the first conviction and imposition of sentence must precede the second offense, and that both of the prior convictions and impositions of sentence must precede the third conviction." *Conley*, 222 N.W.2d at 203; *see also Freeman*, 705 N.W.2d at 291. That sequence is present here. Consequently, we affirm Lopez's conviction and sentence.

**AFFIRMED.**