# IN THE COURT OF APPEALS OF IOWA

No. 18-1662
Filed September 11, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KAMIE JO SCHIEBOUT,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Sioux County, Patrick H. Tott, Judge.

        Kamie Jo Schiebout appeals her conviction and sentence for possession of methamphetamine as a habitual offender. **AFFIRMED IN PART, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

        Mark C. Smith, State Appellate Defender, (until withdrawal), and Melinda J. Nye, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

        Considered by Tabor, P.J., and Mullins and May, JJ.

**MAY, Judge.**

Kamie Jo Schiebout appeals her conviction for possession of methamphetamine as aN habitual offender. She contends the district court erred in denying her motion to suppress and in imposing sentence. We affirm the district court's suppression ruling, but we remand for resentencing.

### I. Facts and Prior Proceedings

In May 2017, Schiebout had an outstanding warrant for her arrest. On May 22, the Sioux County Sheriff's office received a tip that Schiebout could be located at an Orange City church. A deputy found Schiebout standing in the rear of the church. He informed Schiebout he was arresting her. He did not handcuff her to avoid her embarrassment.

They exited the church. As they made their way to the deputy's squad car, Schiebout asked to wait a moment so she could confer with her mother, who was inside the church. The deputy agreed. Schiebout then walked about ten feet toward the church. She deposited her purse on the ground next to the church doors. She then walked away from the purse.

The deputy did not think this was normal or innocent. He was familiar with Schiebout's history of substance abuse. And he knew she was living with a local drug trafficker. Given this background, and Schiebout's attempt to abandon her purse, the deputy believed the purse contained contraband. So, he walked over and picked the purse up.

At this point, Schiebout's mother emerged from the church. Schiebout then "grabbed the purse" from the deputy "and gave it to her mom." The deputy

responded by taking the purse away from Schiebout's mother. He secured the purse in his car and placed Schiebout in the backseat.

The deputy transported Schiebout and her purse to the sheriff's office. At the station, a drug-sniffing dog indicated the purse contained illegal drugs. The deputy then sought and obtained a search warrant for the purse. The subsequent search revealed several individual baggies of methamphetamine.

The State charged Schiebout with possession of methamphetamine, third or subsequent offense, with the habitual-offender enhancement. Schiebout moved to suppress the methamphetamine. The district court denied her motion. Schiebout agreed to a trial on the minutes. The district court found Schiebout guilty of possession of methamphetamine, third or subsequent offense, as an habitual offender, in violation of Iowa Code sections 124.401(5), 902.8, and 902.9(1)(c) (2017). Consistent with this verdict, the district court sentenced Schiebout to a term of incarceration not to exceed fifteen years with a mandatory minimum of three years. Schiebout appeals.

**II. Scope and Standard of Review**

Our review is de novo as to Schiebout's constitutional claims. *See State v. Vance*, 790 N.W.2d 775, 780 (Iowa 2010). "We are required to review the record and independently evaluate the totality of the circumstances." *State v. Hoskins*, 711 N.W.2d 720, 725 (Iowa 2006).

We review sentencing challenges for corrections of errors at law. *State v. Freeman*, 705 N.W.2d 286, 287 (Iowa 2005).

**III. Analysis**

We first address Schiebout's challenge to the district court's suppression ruling.[1]  Schiebout has the right to be free from unreasonable searches and seizures.  This right is protected by the Fourth Amendment of the United States Constitution, and by article I, section 8 of the Iowa Constitution.  The State has the burden of showing that Schiebout's rights were not violated.

Police seized Schiebout's purse without a warrant.  Therefore, the seizure was per se unreasonable unless a recognized exception applies.  *See State v. Simmons*, 714 N.W.2d 264, 271 (Iowa 2006) ("Unless a recognized exception to the warrant requirement exists, searches and seizures conducted without a warrant per se unreasonable.").  "These exceptions include searches based on consent, plain view, probable cause coupled with exigent circumstances, searches incident to arrest, and those based on the emergency aid exception."  *Id.* at 272 (internal quotation marks and citation omitted).  The State must prove an exception applies by a preponderance of the evidence.  *Id.*

The State claims seizure of Schiebout's purse was justified by the search and seizure incident to arrest (SITA) exception.  *See, e.g.*, *State v. King*, 867 N.W.2d 106, 133 (Iowa 2015) (Appel, J., dissenting) ("While the warrant requirement is central to search and seizure law, there have been well-recognized exceptions to it, including searches and seizures incident to arrest . . . ."); *State v.*

---

[1] Because Schiebout abandoned her purse on the ground near the church doors and walked away from it, we question whether Schiebout has standing to challenge the seizure.  *See State v. Bumpus*, 459 N.W.2d 619, 625 (Iowa 1990) (concluding a defendant did not have standing to challenge the search of a pouch after he abandoned it during a pursuit).  However, because the State does not raise this issue, we assume Schiebout regained possession of the purse when she took it from the deputy.

*Halverson*, No. 16-1614, 2017 WL 5178997, at *2 (Iowa Ct. App. Nov. 8, 2017) ("A search incident to arrest is reasonable within the meaning of the Fourth Amendment and article I, section 8 of the Iowa Constitution."). This exception permits a "search [and seizure] of the person arrested and of the immediately surrounding area, meaning the area from which the person might gain possession of a weapon or destructible evidence."[2] *State v. Vance*, 790 N.W.2d 775, 786 (Iowa 2010); *see also Gaskins*, 866 N.W.2d at 15 ("Our decision today does not preclude a warrantless SITA under circumstances in which the security of an arresting officer is implicated . . . or when the arrested person is within reach of contraband and thus able to attempt to destroy or conceal it.").

These conditions are met here. The deputy went to the church to execute a valid arrest warrant. When the deputy located Schiebout in the church, he notified Schiebout that he was placing her under arrest. Schiebout was not free to leave the area. As such, we conclude Schiebout was under arrest when, moments later, the deputy seized the purse from Schiebout's mother.

Moreover, we find the purse was in the immediately surrounding area—as demonstrated by her ability to grab the purse and hand it to her mother. This conduct exemplifies the need for SITA to preserve evidence: By taking the purse

---

[2] While SITA challenges most often challenge the resulting search, we recognize the principles justifying SITA are equally applicable to seizures contemporaneous to arrest. *See State v. Gaskins*, 866 N.W.2d 1, 10 (Iowa 2015) (recognizing both searches and seizures incident to arrest); *King*, 867 N.W.2d at 133 (Appel, J., dissenting) (recognizing seizures incident to arrest as a well-recognized exception to the warrant requirement); *State v. Kramer*, 231 N.W.2d 874, 878 (Iowa 1975); *see also United States v. Robinson*, 414 U.S. 218, 236 (1973) (permitting seizure of defendant's property within immediate control during an arrest); *United States v. Fulton*, 192 F. Supp. 3d 728, 731 (S.D. Tex. 2016) (recognizing seizure incident to arrest as a recognized exception to the warrant requirement).

from the deputy and then handing it to another person, we find Schiebout was carrying out a last-ditch effort to dispose of her contraband. *See State v. Saxton*, No. 14-0124, 2014 WL 7343522, at *2 (Iowa Ct. App. Dec. 24, 2014) (finding SITA permissible because evidence in defendant's backpack was susceptible to destruction if the defendant was permitted to leave the backpack with another person).

Schiebout contends the SITA exception does not apply because the deputy was not subjectively "concern[ed] about safety or weapons" and had no subjective "suspicion" that the purse contained contraband. We disagree for two reasons. First, as a factual matter, we find the deputy was subjectively concerned that the purse contained contraband. We accept his testimony that he "grabbed the purse away from her mother because the behavior with this whole purse was extremely unusual, and based on [his] experience with this, [he] had reason to believe that there was probably something illegal in that purse."

That aside, our law is clear that the legality of a search or seizure "does not depend on the actual motivations of the police officers involved." *Simmons*, 714 N.W.2d at 272. Rather, in deciding whether an exception to the warrant requirement exists, "the court must assess a police officer's conduct based on an objective standard." *Id.* As explained above, the objective circumstances justified the deputy's seizure of the purse under the SITA exception. The district court was correct, therefore, in denying the motion to suppress.

Schiebout also challenges her sentence. The State concedes resentencing is necessary. We agree.

Iowa Code section 124.401(5) criminalizes possession of methamphetamine. It states in pertinent part:

> It is unlawful for any person knowingly or intentionally to possess a controlled substance . . . . Any person who violates this subsection is guilty of a serious misdemeanor for a first offense. A person who commits a violation of this subsection and who has previously been convicted of violating this chapter or chapter 124B or 453B, or chapter 124A as it existed prior to July 1, 2017, is guilty of an aggravated misdemeanor. A person who commits a violation of this subsection and has previously been convicted two or more times of violating this chapter or chapter 124B or 453B, or chapter 124A as it existed prior to July 1, 2017, is guilty of a class "D" felony.

The district court found Schiebout guilty of possession of methamphetamine as a third or subsequent offense, a class "D" felony under Iowa Code section 124.401(5). She was sentenced accordingly.

The parties agree, however, that a violation of section 124.401(5) is only considered a third offense—and a felony—when the defendant has been previously "convicted two or more times of violating [Iowa Code chapter 124] or chapter 124B or 453B, or chapter 124A as it existed prior to July 1, 2017." The parties also agree Schiebout has not been previously convicted "two or more times" under any of those chapters. She does have two prior drug convictions, one of which involved a violation of Iowa Code chapter 124. But her other prior drug conviction involved *federal* law, not the Iowa Code. Therefore, it does not "count" as a prior conviction for purposes of section 124.401(5).

Because Schiebout has only one relevant prior conviction, her current offense should be treated as an aggravated misdemeanor under section 124.401(5). We vacate her sentence and remand for resentencing.

**AFFIRMED IN PART, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**