# In the Iowa Supreme Court

No. 24–0621

Submitted February 18, 2025—Filed March 14, 2025

**State of Iowa,**

Appellee,

vs.

**Ewaun Connor Gardner Jr.,**

Appellant.

---

Appeal from the Iowa District Court for Linn County, Ian K. Thornhill, judge.

A defendant appeals the district court's determination that he was not eligible for a deferred judgment. **Affirmed.**

Christensen, C.J., delivered the opinion of the court, in which all justices joined.

Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

**Christensen, Chief Justice.**

The defendant entered into a joint plea agreement with Johnson and Linn Counties. Although he committed the crime at issue in Linn County first, he pleaded guilty to a felony and serious misdemeanor and was sentenced in Johnson County before entering his guilty plea in Linn County. Consequently, the State argued in the Linn County proceedings that the defendant was ineligible for a deferred judgment under Iowa Code section 907.3(1)(*a*)(1) (2023) because he was convicted of a felony in Johnson County. The defendant maintained that he was still eligible because the Johnson County felony occurred after the crime at issue in the Linn County proceedings.

The district court agreed with the State, ruling that the defendant was ineligible for a deferred judgment. The defendant received a suspended sentence, which we affirm on appeal.

## I. Background Facts and Proceedings.

Ewaun Connor Gardner Jr. entered into a joint plea agreement that covered two offenses in Johnson County and one offense in Linn County. A timeline is helpful in understanding the issue on appeal in this matter.

- March 31, 2023: Gardner allegedly committed crimes in Linn County.

- June 13: Gardner allegedly committed crimes in Johnson County.

- December 15: Gardner entered a guilty plea in Johnson County for theft in the fourth degree, a serious misdemeanor, and conspiracy to commit a felony by planning or commission, a class "D" felony.

- December 21: Gardner entered a guilty plea in Linn County for interfering with official acts while armed with a firearm, a class "D" felony.

- February 19, 2024: Although Gardner was deferred judgment eligible, the district court denied Gardner's request for deferred judgment in Johnson County and suspended his sentence for the Johnson County convictions.

- March 26: Finding him no longer deferred judgment eligible, the district court denied Gardner's request for deferred judgment in Linn County and suspended his sentence for the Linn County conviction.

Prior to sentencing in Linn County, the district court asked the parties to brief whether the defendant remained deferred judgment eligible. In its briefing, the State argued that Gardner was no longer eligible for deferred judgment because he had been convicted in Johnson County of a prior felony under Iowa Code section 907.3(1)(*a*)(1). Gardner argued that he was still eligible because he committed the Linn County offense at issue before the Johnson County offenses.

At the hearing, the district court agreed with the State, reasoning:

> [The State points] out that the legislature used separate language when talking about different scenarios that either do or do not extinguish defendant's availability to seek a deferred judgment. In the case of a prior conviction, they simply say "prior conviction." And other sections they don't use the same language; they use different language that distinguish[es] the "prior conviction" from "prior commission of an offense," so those are two different phrases.
>
> What makes it even an issue here, I think -- and I'm sure [the defendant's counsel] agrees with this -- the offense here in the Linn County matter took place prior to the Johnson County matter, but the Johnson County matter was sentenced before. So this clearly is a prior offense, but because the Johnson County conviction has been entered, it is a prior conviction, and I find that the defendant is not deferred eligible based upon his prior conviction for a felony in Johnson County.

Subsequently, the Linn County district court imposed a suspended sentence and placed Gardner on supervised probation for a period of three years. Gardner timely appealed the district court's ruling that he was not eligible for a deferred

judgment under Iowa Code section 907.3(1)(*a*)(1), and we retained the case. Good cause to appeal exists because Gardner is challenging his sentence rather than the guilty plea. *See State v. Rasmussen*, 7 N.W.3d 357, 362 (Iowa 2024).

**II. Standard of Review.**

We review questions of statutory interpretation for correction of errors at law. *State v. McCollaugh*, 5 N.W.3d 620, 623 (Iowa 2024). We also review the district court's sentence for correction of errors at law. *State v. Freeman*, 705 N.W.2d 286, 287 (Iowa 2005).

**III. Analysis.**

The district court relied on the following language in section 907.3 to deny Gardner's eligibility for a deferred judgment:

> 1. *a.* With the consent of the defendant, the court may defer judgment and may place the defendant on probation upon conditions as it may require. A civil penalty shall be assessed as provided in section 907.14 upon the entry of a deferred judgment. However, the court shall not defer judgment if any of the following is true:
>
> (1) The defendant *previously has been convicted of a felony.* "*Felony*" means a conviction in a court of this or any other state or of the United States, of an offense classified as a felony by the law under which the defendant was convicted at the time of the defendant's conviction.
>
> (2) *Prior to the commission* of the offense the defendant had been granted a deferred judgment or similar relief, two or more times anywhere in the United States.
>
> (3) *Prior to the commission* of the offense the defendant had been granted a deferred judgment or similar relief in a felony prosecution anywhere in the United States within the preceding five years, measured from the date of granting of deferment of judgment to the date of commission of the offense.

Iowa Code § 907.3(1)(*a*)(1)–(3) (emphasis added). The district court determined that Gardner "previously has been convicted of a felony" and thus was ineligible

for a deferred judgment due to his felony conviction in Johnson County. *Id.* at 907.3(1)(*a*)(1).

On appeal, Gardner argues that the language of section 907.3(1)(*a*)(1) is ambiguous and should be interpreted in accordance with how this court has previously interpreted recidivism statutes. *See Freeman*, 705 N.W.2d at 289 ("[T]he general rule [for recidivism statutes is] that each offense must be complete as to a conviction and sentencing before commission of the next in order to qualify for the enhancement of penalty."). This is an issue of first impression for our court.

A statute is not ambiguous just because two parties disagree about its interpretation, *Est. of Butterfield v. Chautauqua Guest Home, Inc.*, 987 N.W.2d 834, 838 (Iowa 2023), and the language of section 907.3(1)(*a*)(1) is clear. Iowa Code section 907.3(1)(*a*)(1) explicitly states that a defendant will be ineligible for a deferred judgment if he has a previous felony conviction. Subparagraph (1) only requires that "[t]he defendant previously has been convicted of a felony" for the defendant to be deferred judgment ineligible, while the following two subparagraphs specifically require that "[p]rior to the commission of the offense" the defendant was granted a deferred judgment in some circumstance. *Id.* § 907.3(1)(*a*)(1)–(3). Since the statute's creation, the subparagraph at issue has always made a defendant ineligible for a deferred judgment when the defendant has a previous felony conviction, while the two subparagraphs directly below it have always included the phrase "prior to the commission of the offense." *See* 1976 Iowa Acts ch. 1245, § 702 (codified at Iowa Code § 907.3(1)(*b*)–(*d*) (Supp. 1977)); 1973 Iowa Acts ch. 295, § 1 (codified at Iowa Code § 789A.1(1)(*f*)–(*h*) (1975)). The district court correctly interpreted the plain language of section 907.3(1)(*a*)(1).

Because the statute's text and meaning is clear, we need not go further and address Gardner's request for us to interpret it in accordance with our recidivism statutes. *See Est. of Butterfield*, 987 N.W.2d at 838 ("When a statute's text and meaning is clear, 'we will not search for a meaning beyond the express terms of the statute or resort to rules of construction.' " (quoting *Com. Bank v. McGowen*, 956 N.W.2d 128, 133 (Iowa 2021))). We affirm the district court's ruling that Gardner is ineligible for deferred judgment. The district court correctly concluded that Gardner was not eligible for a deferred judgment in Linn County because he was previously convicted of a felony in Johnson County.

**IV. Conclusion.**

For the foregoing reasons, we affirm the sentence imposed by the district court.

**Affirmed.**